Opinion of the Court, by
Ch. J. Muter.
This suit was brought to compel the specific performance of an award. The counsel for the defendant contended that the court could not take cognizance of the matter, or decree a specific performance, for the reasons following: First, because the submission entered into by the parties, was on condition precedent, to be performed by the complainant, which had not been complied with; secondly, because the arbitration was not entered into by rule of court, but by bond.
Upon the first question, the court think that the statement in the defendant’s answer, respecting the condition precedent, being new matter, and not an answer to any allegation in the complainant’s bill, it ought to have been proved by other testimony; which not having been done, the arbitration bond must be considered as unconditional.
On the second objection, the court think that the dictum of the chancellor, cited from Atkyns, (if law) is not applicable to the present case, inasmuch as the complainant had performed, and was ready to perform, every thing which was to be performed on his part; in which case, the authorities cited prove that a court of chancery may decree a specific performance.
Note.—In the case of M’Cullough vs. Myers’ executors, reported by Hardin, page 197, the authority of this case was directly attacked by the counsel for M’Cullough, who contended that it was utterly incompetent for a court of equity, in any case, to decree the specific performance of an award, unless the party against whom the award was, after knowing what had been awarded, should have promised to perform it; and of that opinion was the court, who, on that ground, reversed the decree of the inferior court, and directed the complainant’s bill to be dismissed; but considerable dissatisfaction being produced by the decision among members of the bar not employed in the cause, and the court feeling that the cause did not require them to decide that point, as the award itself was clearly void, withdrew the written opinion delivered, and substituted in lieu of it the one reported.
Upon the whole, the court is of opinion, that the defendant do specifically comply with, and perform the award, agreeable to the prayer of the complainant’s bill.